E-FILED
Tuesday, 06 May, 2025  01:31:02 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

**DAVID SMITH,**

        **Plaintiff,**

**v.**                                                          **Case No. 25-2131**

**ALKELA ERVIN,**

        **Defendant.**

## ORDER

Before the Court is Plaintiff's Motion to Request Counsel (#3).

Unlike in criminal cases, parties in civil cases have no right to a lawyer. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). However, under 28 U.S.C. § 1915(e)(1), the court may recruit a lawyer for a party who cannot afford one. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

In determining whether to recruit an attorney, the court asks two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty in the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654.

To answer the second question, the court looks to see "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. This requires the Court to conduct a particularized inquiry into Plaintiff's competence and the difficulty of the case. *McCaa v. Hamilton*, 959 F.3d 842 (7th Cir. 2020). Plaintiff has personal knowledge of these facts, and he has demonstrated an ability to adequately communicate in writing with the Court and in other correspondence. Considering all available evidence of Plaintiff's abilities, this case does not exceed Plaintiff's capacity to present it. The case does not involve overly complex questions of law or fact. Plaintiff appears more than capable of presenting the case, given he is a high school graduate, with some college education.

The Court also notes that it grants *pro se* plaintiffs wide latitude in presenting their cases. *Moore v. Godinez*, 2010 WL 3718599 (N.D. Ill. Sept 10, 2010).

For these reasons, Plaintiff's Motion to Request Counsel **(# 3)** is **DENIED**.

ENTERED this 6th day of May, 2025.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE