IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID A. SMITH,<br>    Plaintiff,<br><br>v.<br><br>ALKELA ERVIN et al,<br>    Defendants. | Case No. 2:25-cv-02131-JEH-RLH |

**Order**

Now before the Court is the Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis*, (D. 7), along with his Amended Complaint against the Defendants (D. 6).[1] For the reasons set forth, *infra*, the Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis* is DENIED and his Amended Complaint is dismissed with leave to amend within twenty-one days in accordance with this Order.

**I**

Plaintiff David A. Smith filed his original Complaint on May 5, 2025, along with a Motion for Leave to Proceed *in forma pauperis*. (D. 1 & 2). On May 21, 2025, the Court struck the Motion for Leave to Proceed *in forma pauperis* and the Complaint because it failed to comply with Civil Local Rule 5.1 and the Court granted the Plaintiff leave to amend the Complaint and the Motion to Proceed *in forma pauperis* within twenty-one days. *See* 05/21/2025 Text Order. On May 22, 2025, the Plaintiff filed an Amended Complaint and an Amended Motion for

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

Leave to Proceed *in forma pauperis* with the Court. (D. 6 & 7). The matter is now fully briefed.

## II

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed *in forma pauperis*. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). However, for the reasons set forth below, even if the Court were to find the Plaintiff is unable to pay the filing fee, his Complaint must be dismissed.

### A

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". FED. R. CIV. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). And while the Court is obligated to construe *pro se* complaints liberally, *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he protections built in the *in forma pauperis* system would be meaningless if

persons were allowed to proceed *in forma pauperis* with complaints that do not supply sufficient facts from which a reasonable inference could be made that the rights of the petitioner were violated." *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

B

Plaintiff, David A. Smith, filed this civil rights Complaint against caseworkers and specialists of the Housing Authority of Champaign County ("HACC"), naming as Defendants Alkela Ervin, Debra Lee, and Tiffany Robinson. (D. 6 at ECF p. 1-3). He alleges that the Defendants engaged in a policy or custom that violated his civil rights which arose out of an incident that occurred on February 21, 2024. *Id.* On that day, Plaintiff states that he had an appointment to receive his payment standard for search of residency. (D. 6 at ECF p. 6). He states that he could not sit with the caseworker to discuss his concerns and made several attempts to contact "SF Properties" and four months later he received an email stating that it was his second notice that he was late, but claims he never received the first notice. *Id.*

Against Defendant Alkela Ervin, Plaintiff states she failed to allow him to sit with a "caseworker [to] discuss rent and calculation of utility allowance", "failure to accommodate senior citizen", "failure to complete inspection", "held new voucher for cover up or retaliation", and "violation of privacy." *Id.* ECF p. 2. Against Defendant Debra Lee, Plaintiff alleges that she "fail[ed] to accommodate me or protect my complaints", "disregarded communication with me", and "fail[ed] to abide by my civil rights." *Id.* at ECF p. 2-3. Against Defendant Tiffany Robinson, Plaintiff states that she "fail[ed] to give me proper info concerning my housing and accommodation", "intentionally lied to me concerning my civil rights", "privacy violation", and "held new voucher for retaliation for my complaints." *Id.* at ECF p. 3. The Plaintiff further states that the Defendants failed

to intervene to protect the Plaintiff from a violation of his civil rights and that the Defendants conspired together to violate one or more of Plaintiff's civil rights. *Id.* at ECF p. 5. In response to this incident, Plaintiff seeks $8,000,000,000 in damages for emotional harm, pain and suffering, and loss of enjoyment of life. *Id.* at ECF p. 7.

## C

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a federal right, privilege, or immunity by any person acting under color of state law. *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005). Here, the Plaintiff fails to identify a federal right beyond his "civil rights" or "privacy violation" generally. (D. 6 at ECF p. 2-3). As a result, his claim would otherwise fail for this reason alone because he does not identify a "federal right, privilege, or immunity" that he was deprived of. *Brown*, 398 F.3d at 908. However, construing his claim liberally as the Court must, to state a claim arising under 42 U.S.C. § 1983 where a policy or custom is alleged to cause the deprivation and the action is "against a government official acting in his official capacity, [a] plaintiff must sufficiently allege that there is [either]: '1) an express policy that, when enforced, cause[d] a constitutional depravation; 2) a widespread practice that, although not authorized by written law, or express municipal policy, [was] so permanent and well-settled as to constitute a custom or usage with force of the law; [or] 3) . . . that the constitutional injury was caused by a person with final policy making authority.'" *Zenter v. Dunbar*, 205 F. Supp. 2d 924, 925-26 (N.D. Ill. 2002) (citing *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995)). Here, the Plaintiff does not allege an express policy, and there are not facts in the Complaint that indicate the purported constitutional injury was caused by a person with final policy making authority. Accordingly, the Court construes the Plaintiff's claim as alleging a "widespread practice" causing a constitutional injury. However, even under this theory, "the

Complaint must allege that an official policy or custom not only caused the constitutional violation, but was the moving force behind it." *Sims v. Cty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Still, the Plaintiff's Complaint fails because it does not identify a policy or custom at issue, and furthermore, the Complaint does not allege a causal connection between the injury and the policy, nor does it identify the federal right, privilege, or immunity that the Plaintiff believes he was deprived of. *See id.* Therefore, the Complaint fails to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678. Nor has the Plaintiff pleaded "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404.

### III

For the reasons stated, *supra*, the Plaintiff's Amended Motion for Leave to Proceed *in forma pauperis*, (D. 7), is DENIED and his Amended Complaint against the Defendants, (D. 6), is dismissed with leave to amend within twenty-one days in accordance with this Order.

*It is so ordered.*

Entered on June 10, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

5